24-2963-cv
BP Prods. N. Am. Inc. v. ExxonMobil Corp.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of September, two thousand twenty-five.

PRESENT:  REENA RAGGI,
          RAYMOND J. LOHIER, JR.,
          MICHAEL H. PARK,
             *Circuit Judges*.

------------------------------------------------------------------

BP PRODUCTS NORTH AMERICA INC.,

     *Plaintiff-Appellant*,

    v.                                           No. 24-2963-cv

EXXONMOBIL CORPORATION,

     *Defendant-Appellee.*

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:	JONATHAN K. COOPERMAN (Luis D. Peña-Navarro, Isabelle R. Faber, *on the brief*), Kelley Drye & Warren LLP, New York, NY

FOR DEFENDANT-APPELLEE:	ZACHARY D. TRIPP, Weil, Gotshal & Manges LLP, Washington, DC (David J. Lender, Jennifer Brooks Crozier, Weil, Gotshal & Manges LLP, New York, NY, *on the brief*)

Appeal from a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Plaintiff BP Products North America Inc. ("BP") appeals from an October 19, 2023 judgment of the United States District Court for the Eastern District of New York (Chen, *J.*) insofar as it partially denied BP's motion for summary judgment prior to a jury finding that Defendant ExxonMobil Corporation ("ExxonMobil") had not breached its 1993 contract, as amended in 2004, with BP. We assume the parties' familiarity with the underlying facts and the record of

prior proceedings, to which we refer only as necessary to explain our decision to affirm.

BP alleges that ExxonMobil breached a 1993 indemnity agreement between the parties by failing to defend BP against all claims related to certain third-party lawsuits brought in 2005. In 2004 the parties amended their 1993 agreement to release ExxonMobil from its obligation to indemnify BP against claims for injunctive relief related to contamination in Greenpoint, New York. In light of the 2004 amendment, BP concedes that the 2005 lawsuits "contained a few allegations" that fell "outside the scope" of the indemnity agreement. Appellant's Br. 16. BP argues that Illinois's "complete defense" rule nevertheless obligated ExxonMobil to pay for BP's entire defense against these lawsuits, including its defense against claims within the lawsuits that are not covered by the 1993 agreement as amended (hereinafter referred to as "noncovered claims").[1]

The District Court denied BP's motion for summary judgment in relevant part after concluding that ExxonMobil was obligated to defend BP only against covered claims. At trial, the jury found that BP failed to prove that ExxonMobil

---

[1] The parties agree that Illinois law governs the 1993 indemnification agreement.

had breached its duty to defend it against the covered claims.  BP now appeals the District Court's denial of its motion for summary judgment.[2]

As a threshold matter, ExxonMobil contends that we do not have jurisdiction to review on appeal the District Court's denial of BP's motion for summary judgment.  It relies on the principle that "where summary judgment is denied and the movant subsequently loses after a full trial on the merits, the denial of summary judgment may not be appealed."  *Keeling v. Hars*, 809 F.3d 43, 47 (2d Cir. 2015) (quotation marks omitted).  ExxonMobil's reliance is misplaced.  "While factual issues addressed in summary-judgment denials are unreviewable on appeal, the same is not true of purely legal issues—that is, issues that can be resolved without reference to any disputed facts."  *Dupree v. Younger*, 598 U.S. 729, 735 (2023).  "It is well settled in Illinois that the construction, interpretation

---

[2] In its Notice of Appeal, BP also indicated that it was appealing from the District Court's September 30, 2024 Memorandum and Order denying BP's motion for a new trial.  *See* Dkt. 1; *see also* Memorandum and Order, Dkt. 111, *BP Prods. N. Am. Inc. v. ExxonMobil Corp.*, No. 19-CV-3288, at 19 (E.D.N.Y. Sept. 30, 2024) (noting that BP's motion for new trial sought in part "to relitigate an issue that the Court resolved in its summary judgment decision prior to trial").  As BP did not raise any arguments specific to that denial in its appellate briefs, we deem the point waived except to the extent that the September 30 order also addressed arguments made at summary judgment.  *See Gross v. Rell*, 585 F.3d 72, 95 (2d Cir. 2009) ("Issues not sufficiently argued are in general deemed waived and will not be considered on appeal." (quotation marks and alterations omitted)).

or legal effect of a contract are issues to be resolved by the court as questions of law." *Premier Elec. Constr. Co. v. Ragnar Benson, Inc.*, 444 N.E.2d 726, 732 (Ill. App. Ct. 1982) (quotation marks omitted). Therefore, "the [D]istrict [C]ourt's purported error was purely one of law," namely, whether Illinois contract law requires an indemnitor to defend an indemnitee against all claims in a suit as long as one of those claims is covered by the indemnity agreement. *See Keeling*, 809 F.3d at 47 (quotation marks omitted). We can therefore review the District Court's denial of BP's motion for summary judgment. *See Dupree*, 598 U.S. at 735; *Keeling*, 809 F.3d at 47.

Turning to the merits, BP argues that the District Court erred when it concluded that Illinois's complete defense rule does not apply to its indemnification agreement with ExxonMobil. Illinois's complete defense rule, "also referred to as the 'in for one, in for all rule,' generally imposes an obligation on an insurer to provide a complete defense in a suit or action against its insured even if only one or some of the claims are potentially covered." *Findlay v. Chi. Title Ins. Co.*, 215 N.E.3d 1006, 1019 (Ill. App. Ct. 2022) (quotation marks omitted). While this rule is established in the context of Illinois insurance law, *see Pekin Ins. Co. v. Wilson*, 930 N.E.2d 1011, 1015 n.2 (Ill. 2010); *Gen. Agents Ins. Co. of Am. v.*

5

*Midwest Sporting Goods Co.*, 828 N.E.2d 1092, 1098 (Ill. 2005), the Illinois Supreme Court has not addressed whether it applies to indemnity agreements between non-insurers.

When resolving an unanswered question of state law, it is "the job of the federal courts [to] carefully . . . predict how the highest court of the forum state would resolve the uncertainty." *Glob. Reinsurance Corp. of Am. v. Century Indem. Co.*, 22 F.4th 83, 101 (2d Cir. 2021) (quotation marks omitted). Certification to the State's highest court, when that mechanism is available, may sometimes be the best course. The Illinois Supreme Court, however, "does not permit our Court to certify questions of Illinois state law" to it. *Parmalat Cap. Fin. Ltd. v. Bank of Am. Corp.*, 639 F.3d 572, 580 n.8 (2d Cir. 2011) (citing Ill. Sup. Ct. R. 20). We therefore are left to discern and follow the decisions of Illinois's intermediate appellate courts unless we are "convinced by other persuasive data that the [Illinois Supreme Court] would decide otherwise." *DiBella v. Hopkins*, 403 F.3d 102, 112 (2d Cir. 2005) (quotation marks omitted).

The weight of Illinois case law as articulated by Illinois's intermediate appellate courts confirms that the complete defense rule does not apply to the indemnification agreement here. "When dealing with indemnification clauses

6

between noninsurers, [Illinois] courts do not apply laws that govern insurance contracts." *933 Van Buren Condo. Ass'n v. W. Van Buren, LLC*, 61 N.E.3d 929, 945 (Ill. App. Ct. 2016). Whereas insurance policies "are subject to a general rule of liberal construction in favor of the insured" because insurers are "professional 'seller[s]' of protection against loss," *Ervin v. Sears, Roebuck & Co.*, 469 N.E.2d 243, 249–50 (Ill. App. Ct. 1984), an "indemnity agreement is to be construed as any other contract," *Charter Bank v. Eckert*, 585 N.E.2d 1304, 1310 (Ill. App. Ct. 1992). For that reason, the complete defense rule under Illinois law generally does not apply to indemnification agreements between non-insurers. *See 933 Van Buren Condo. Ass'n*, 61 N.E.3d at 945 (rejecting the proposition that when a non-insurer has a "duty to indemnify one claim" in a third-party complaint, it has "a duty to defend all of the" claims in the complaint). Even when a third-party lawsuit contains some claims that fall within the scope of an indemnification agreement, the indemnitor "d[oes] not breach" the agreement "when it refuse[s] to defend" the indemnitee "against . . . those claims [that] f[a]ll outside the scope of" the agreement. *Id.* at 942. Illinois courts have also rejected the complete defense rule in the insurance context where, as here, the contractual language "describe[s] . . . defense obligations in terms of defending a particular cause of action, rather than

7

in terms of defending 'suits' or 'actions.'" *Findlay*, 215 N.E.3d at 1020–21. We thus affirm the District Court's holding that ExxonMobil was not obligated to defend BP against noncovered claims.

Faced with this difficulty, BP tries another tack under Illinois law. It insists that ExxonMobil is estopped from disclaiming a duty to defend noncovered claims because it failed to bring a declaratory action against BP to define the scope of its duty or defend BP pursuant to a reservation of rights. Under Illinois law, however, for the reasons already explained, "laws that govern insurance contracts" are inapplicable to "indemnification clauses between noninsurers." *933 Van Buren Condo. Ass'n*, 61 N.E.3d at 945. We see no other basis in Illinois law to impose a contractual duty on ExxonMobil that is not contained in the parties' agreement. *See Ervin*, 469 N.E.2d at 247, 249–50 (concluding that an insurer breached its duty when it "refused to defend" the insured without first asserting a "reservation of rights or s[eeking] a declaratory judgment," while reaching the opposite conclusion with respect to a non-insurer indemnitor). In any event, the parties stipulated at trial that ExxonMobil offered to defend BP subject to specified limitations, and BP refused. *See* Joint App'x 1072–73.

8

Last, BP argues that the District Court erred in determining how damages for ExxonMobil's breach should be calculated.  Because the District Court did not err in determining the scope of ExxonMobil's duty to defend, and because the jury concluded that ExxonMobil did not breach that duty, we need not address this issue.

We have considered BP's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court